**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No.: 0:23-cv-60876-RNS

WILTONE FLOREXIL, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

GENERAL FREIGHT EXPERTS, INC.,
GENERAL FREIGHT EXPERTS, LLC, and
TRR CARGO LLC,

      Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION PURSUANT TO 29 U.S.C. § 216(b)**

Defendants, GENERAL FREIGHT EXPERTS, INC., GENERAL FREIGHT EXPERTS, LLC, and TRR CARGO LLC ("Defendants"), by and through undersigned Counsel, hereby submit the following Response in Opposition to Plaintiff's Motion for Conditional Certification and Memorandum in Support of Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b), and in support thereof state as follows:

**SUMMARY OF ARGUMENT**

On August 15, 2023, Plaintiff filed the Motion for Conditional Certification [ECF No. 39] and the Memorandum in Support of Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) [ECF No. 39-1] (hereinafter the "Motion for Conditional Certification"). The Motion for Conditional Certification requests the Court enter an Order conditionally certifying the class and requiring Defendants to produce physical addresses, email addresses, and telephone numbers

1

within 21days of the Court's Order. However, the Motion for Conditional Certification should be denied because:

1. Plaintiff has not adequately shown similarly situated employees who desire to opt-in;

2. Plaintiff has not provided a proposed notice; and

3. Plaintiff's proposed procedures are overbearing.

## SUMMARY OF RELEVANT FACTS AND PROCERDUAL BACKGROUND

1. The Plaintiff, WILTONE FLOREXIL ("Plaintiff"), initiated this action by filing the Class Action Complaint and Jury Demand [ECF No. 1] on May 10, 2023.

2. On June 28, 2023, Plaintiff filed the First Amended Class Action Complaint and Jury Demand [ECF No. 27], asserting causes of action for: (1) violations of the Truth-in-Leasing regulations; and (2) unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (hereinafter the "FLSA").

3. On August 15, 2023, Plaintiff filed the Motion for Conditional Certification [ECF No. 39].

4. On August 15, 2023, a Consent to Sue [ECF No. 38-1] was filed for Thiago Lenarduzzi de Oliveira.

## MEMORANDUM OF LAW

### I. Conditional Certification Under the FLSA.

"Title 29 U.S.C. § 216(b) permits a plaintiff to bring a collective action on behalf of herself and others similarly situated." *See*, *Zuliani v. Santa Ana, Ltd. Liab. Co.*, No. 17-62080-CIV-MORENO, 2018 U.S. Dist. LEXIS 42922, at *3 (S.D. Fla. Mar. 14, 2018) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). Unlike a Rule 23 class action, each putative plaintiff must affirmatively opt in to a Section 216(b) action. *Id*.

The Eleventh Circuit has endorsed a two-stage procedure that courts may (but are not required) to use to determine whether to certify a collective action. See, *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001). During the first stage, commonly referred to as the "notice stage," the plaintiff must establish a reasonable basis for the claim that (1) there are other similarly situated employees (2) who desire to opt in. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). Before authorizing notice, a court "should satisfy itself that there are other employees [] who desire to "opt-in" and who are "similarly  situated" with respect to their job requirements and with regard to their pay provisions. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). A plaintiff must first come forward with sufficient evidence showing that other individuals actually desire to opt into the litigation, and a plaintiff must therefore "proffer a minimum quantum of evidence to warrant the creation of a collective." *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV-MARTINEZ/LYNCH, 2006 U.S. Dist. LEXIS 58484, at *9 (S.D. Fla. May 17, 2006). "The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself." *Id.*

**A.  Plaintiff Has Not Shown Other Similarly Situated Employees Who Desire to Opt-In.**

"Courts commonly consider five factors at the conditional certification stage in determining whether members of a class are similarly situated: (1) whether plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the claims

violations are similar. *Wright v. Waste Pro United States*, No. 0:19-cv-62051-KMM, 2020 U.S. Dist. LEXIS 250713, at *9 (S.D. Fla. Dec. 22, 2020).

In the instant matter, Plaintiff and Thiago Lenarduzzi de Oliveira (hereinafter referred to as "Mr. Oliveira") submitted Declarations [ECF Nos. 39-2, 39-3] indicating that "I believe that other drivers would join this lawsuit to recover their pay if they knew about the suit and their rights." The Declarations do not identify specific individuals who they believe would join this lawsuit, and such conclusory allegations are insufficient to establish that other individuals actually desire to opt into the litigation. *See*, *Wombles v. Title Max of Ala., Inc*., 2005 U.S. Dist. LEXIS 34733, 2005 WL 3312670, at *3 (M.D. Ala. Dec.7, 2005) (two consents to join and five nearly identical affidavits by plaintiffs indicating that they "believe" others desire to join the lawsuit were insufficient to establish that others desired to opt in); *Davis v. Charoen Pokphand (USA), Inc*., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (plaintiff's testimony that twelve other employees "were unhappy with" Defendant's policies and would join the suit, without supporting affidavits or consents to join, were insufficient); *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003) (the plaintiff's affidavit indicating he "believed" others desired to opt in was insufficient to establish that similarly-aggrieved individuals exist)); *Rappaport*, 2007 U.S. Dist. LEXIS 92869, at *11 ("Indeed, federal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where, as here, the plaintiffs attempt to certify a broad class based only the conclusory allegations of few employees"). Accordingly, Plaintiff cannot establish that there are other individuals who are interested in opting into this matter and his claim rests solely on speculation and belief.

###### i.      Whether Plaintiffs Held the Same Job Title.

In his Declaration, Mr. Oliveira states that he "worked for General Freight Experts as a truck driver from on or about July 25, 2022, until on or about September 27, 2022." Although Plaintiff did not explicitly identify his job title, his Declaration provides that "Although I was looking for a company driver position, Far told me that company driver positions were not available. The only positions that were available entailed leasing a truck." As such, it is not clear whether Plaintiff and Mr. Oliveira held the same job title (or even the same job duties) because there were three (3) different options available: (1) company driver; (2) leasing only; and (3) lease to purchase. *See*, ECF No. 39-2, at ¶¶ 7-8.

###### ii.      Whether Plaintiffs Worked in the Same Geographic Location

Although Plaintiff and Mr. Oliveira's Declarations do not specifically identify the geographic location of the work they performed, the Motion for Conditional Certification simply provides that they "worked in the same geographic location—nationwide." *See*, *Gutescu v. Carey Int'l, Inc.*, No. 01-4026-CIV-, 2003 U.S. Dist. LEXIS 27507, at *45-46 (S.D. Fla. June 16, 2003) ("For essentially the same reasons that the undersigned has determined that the Miami and West Palm Beach offices are not sufficiently similar to warrant inclusion of West Palm Beach chauffeurs as potential class members, *a fortiori*, a nationwide class is inappropriate."). Nonetheless, the documents attached to Mr. Oliveira's Declaration indicate that he picked up shipments from Windsor, Colorado[1]; Anaheim, California[2]; and Mountain, Georgia, and that he delivered shipments to Lyndhurst, Virginia; Anaheim, California; Nashville, Tennessee; and Jacksonville, Florida.[3] On the other hand, the documents attached to Plaintiff's Declaration indicate that Plaintiff

---

[1] Located in Northern Colorado
[2] Located in Southern California
[3] Located in Northern Florida

picked up shipments from Quincy, Washington; Bloomington, Illinois; Roanoke, Texas; Center, Colorado[4]; and Walnut, California[5], and that he delivered shipments to Taylorville, Illinois; Fort Worth, Texas; Durango, Colorado[6]; Bakersfield, California[7]; and Bradenton, Florida.[8] Accordingly, Plaintiff has not established that he worked in the same geographic location as Mr. Oliveira or any other potential member of the putative collective action.

<strong>iii.    Whether the Alleged Violations Occurred During the Same Time Period.</strong>

Mr. Oliveira alleges that he worked for Defendants from July 25, 2022, through September 27, 2022. However, Plaintiff claims that he worked for Defendants from January 10, 2023, through February 6, 2023. As such, Plaintiff has not established that his claims cover the same time period as Mr. Oliveira or any other potential member of the putative collective action.

**iv.    Whether Plaintiffs Were Subjected to the Same Policies and Practices and Whether the Policies and Practices were Established in the Same Manner and by the Same Decision Maker.**

Based on the information provided, it is unknown whether Mr. Oliveira and Plaintiff signed materially similar agreements or that they were subject to the same policies, practices, or working conditions. Although Plaintiff produced copies of several documents he allegedly signed before he started working for Defendants, Mr. Oliveira has not provided any documents regarding his alleged agreement with Defendants. Plaintiff has not presented any other evidence establishing that other drivers were also subject to the same policies and practices outlined in the agreements he signed. In fact, Plaintiff acknowledges that the Defendants had "three options" as to the different

---

[4] Located in Southern Colorado
[5] Located in Southern California
[6] Located in Southwest Colorado
[7] Located in Central California
[8] Located in Central Florida

job positions available. See, ECF No. 39-2, at ¶¶ 7-8. Nonetheless, it is apparent that Plaintiff and Mr. Oliveira were not subject to the same policies regarding compensation and deductions.

For example, Mr. Oliveira's "compensation for driving was supposed to be based on a percentage of revenue received for each load, supposedly **82%**" and Plaintiff's "compensation for driving was supposed to be based on a percentage of revenue received for each load, supposedly **78%**." *See*, ECF Nos. 39-2, at ¶ 15; 39-3, at ¶ 12 (emphasis added). Further, based on the Settlement History Reports submitted, Mr. Oliveira was not charged advances/reimbursements for "Reefer" and was subject to deductions for maintenance; however, the Settlement History Report for Plaintiff does reflect advances/reimbursements for "Reefer" nor does it indicate that Plaintiff was imposed any deductions for maintenance. *See*, ECF Nos. 39-2; 39-3. These documents also indicate that the final settlement period for Plaintiff covered a 3-week period; however, the final settlement period for Mr. Oliveira only covered a 2-week period. *Id*. Moreover, despite the allegation that Defendants' policies created a scheme that allegedly caused compensation to fall below the minimum wage, the Settlement History Reports indicate that the final settlement amount for Mr. Oliveira was negative because of maintenance fees and unpaid tolls, while the final settlement amount for Plaintiff was negative because of a cash advance Plaintiff requested from Defendant and because of fines. *See*, ECF Nos. 39-2; 39-3. Additionally, although Plaintiff and Mr. Oliveira state that an individual named Far gave them the papers to sign, they do not allege that this individual also established Defendants' policies and practices.

Accordingly, Plaintiff has not established that he was subjected to the same policies and practices as Mr. Oliveira or any other potential member of the putative collective action. See, *Cervantes v. Crst Int'l*, No. 20-CV-75-CJW-KEM, 2021 U.S. Dist. LEXIS 254263, at *10 (N.D. Iowa Jan. 25, 2021) ("the mere fact that plaintiffs were allegedly misclassified as independent

contractors is not an inherent FLSA violation and does not necessarily mean they were paid less than the minimum wage in violation of the FLSA.").

### v. The Degree to which the Actions Constituting the Claims Violations are Similar.

Plaintiff's First Amended Complaint brings causes of action for: (1) violations of the Truth-in-Leasing regulations; and (2) unpaid minimum wages pursuant to the FLSA. However, Mr. Oliveira's Declaration makes no mention of a violation of the Truth in Leasing regulations and Plaintiff has not established that any other potential member of the putative collective action claims a violation of the Truth in Leasing regulations. As such, Plaintiff has not shown that his claims are similar to those of Mr. Oliveira or any other potential member of the putative collective action. Based on the foregoing, the Motion for Conditional Certification should be denied.

## II. Proposed Procedures and Notice.

If the Court wishes to facilitate notice, the procedures proposed by Plaintiff are deficient for various reasons. Further, Plaintiff has not provided a proposed notice.

### A. Time Period for Production of Contact Information.

The time period sought by Plaintiff for production of contact information is unrealistic and burdensome, and Plaintiff has not provided sufficient justification as to why Defendants should provide such information within 21 days. As such, Defendants suggest 30 days to produce the contact information. See, *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 555 (N.D. Ga. 1992) (providing the defendant with 30 days); *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 306 (M.D. Fla. 2001) (providing the defendant with 30 days). This will be particularly reasonable where, as here, there are hundreds of individuals who may satisfy the definition of the collective as currently proposed.

### B. The Opt-In Period is Excessive.

Plaintiff does not request a specific amount of time for putative class members to receive notice and join this action. As such, Defendants suggest a 30-day opt-in period would be sufficient in this matter because Plaintiff has not established that a longer period is reasonable, necessary, or appropriate. *See*, *Rojas v. Garda CL Se. Inc.*, 297 F.R.D. 669, 680 (S.D. Fla. 2013) (authorizing a 45-day opt-in period); *Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (authorizing a 39-day opt-in period after issuance of order granting conditional certification and 22-days after deadline to send out notice forms).

### C. Notice Should Not Be Sent by Email or Text Message.

Although the Motion for Conditional Certification does not identify the method in which Plaintiff seeks to disburse notice, Defendants believe that Plaintiff seeks to deliver notice by regular mail, email, and text message.[9] However, Plaintiff significantly overreaches by seeking to distribute notice in various mediums, and such hugely duplicative, unnecessary, intrusive, and inappropriate dissemination of notice should be denied.

The apparent request to send notice via email should be rejected, as it is unnecessary, and electronic notice can be altered, forwarded to other people, or otherwise abused. *See*, *Lara v. G&E Fla. Contractors, LLC*, No. 15-20306, 2015 WL 4760678, at *8 (S.D. Fla. July 21, 2015); *Gordon v. Kaleida Health*, No. 08-378, 2009 WL 3334784, at *11 (W.D.N.Y. Oct. 14, 2009) (refusing electronic notice because of the "risks of distortion or misleading notification through modification of the notice itself or the addition of commentary"). Additionally, it would be improper to send such notices by text message without the recipients' consent. *See*, *Bennett v. BT'S on the River,*

---

[9] The Motion for Conditional Certification "requests that the Court order Defendants to provide Plaintiff with the names, current or last known ***addresses, email addresses, and telephone numbers*** of all individuals who satisfy the collective's definition."

*LLC*, No. 1:22-CV-20772-SCOLA/DAMIAN, 2023 U.S. Dist. LEXIS 16177, at *19 (S.D. Fla. Jan. 31, 2023), *report and recommendation adopted*, No. 1:22-CV-20772-SCOLA/DAMIAN, 2023 U.S. Dist. LEXIS 55436, at *9 (S.D. Fla. Mar. 29, 2023) ("The undersigned agrees that the use of unsolicited text messages is not warranted."); *Altiep v. Food Safety Net Servs., Ltd.*, No. 14-642, 2014 WL 4081213, at *6 (N.D. Tex. Aug. 18, 2014) (denying request for phone numbers because such information is highly personal); *Miller v. JAH, LLC*, 2018 WL 305819, at *3 *(N.D. Ala. Jan. 5, 2018)* (rejecting text message notice, because "some individuals have limited phone plans, and unwarranted text messages may cause these individuals to incur monetary charges[,]" and "sending potential class members text messages will subject them to the annoyance of unsolicited messages that Congress passed the Telephone Consumer Protection Act, in part, to address"). In fact, transmission of notice in this manner "could well be viewed by the recipients as harassing in nature, and . . . a significant number of recipients are likely to disregard this notice as 'spam.'" *Anderson v. Minacs Grp.* (USA) Inc., No. 16-13942, 2017 WL 1856276, at *9 (E.D. Mich. May 9, 2017) (finding that supplying the telephone numbers of current and former employees to enable notice by text message is "an unnecessary intrusion upon the privacy of these individuals"). Accordingly, Defendants request this Court prohibit notice by email and text message.

### D. The notice should indicate that the opt-in Plaintiffs may be liable for costs incurred if they do not prevail.

If the Court wishes to facilitate notice, Defendants request the notice advise opt-in Plaintiffs that they may be liable for costs incurred if they do not prevail. This is necessary because it is important that a potential opt-in plaintiff be made aware of potential adverse consequences to the filing of a lawsuit. *Garcia v. J&J, Inc.*, No. 19-cv-60728-BLOOM/Valle, 2019 U.S. Dist. LEXIS 127200, at *14 (S.D. Fla. July 30, 2019) ("In the interest of providing an accurate and

informative notice to potential opt-in plaintiffs, the Court finds it necessary to inform them of the potential liability for costs and attorney's fees should they not prevail in this action"); *Tauriz v. Sec. Mgmt. Innovations*, No. 12-23140-CIV-UNGARO, 2013 U.S. Dist. LEXIS 193220, at *8 (S.D. Fla. Jan. 23, 2013) ("the proposed Notice is incomplete and lacks adequate specificity as to the nature of the claim and the consequences of joining the present action."); *Sealy v. Keiser Sch., Inc*, No. 11-61426-CIV, 2011 U.S. Dist. LEXIS 152369, at *13 (S.D. Fla. Nov. 8, 2011) ("the proposed notice fails to fully advise potential class members of the consequences of opting in to the lawsuit, including that Defendant may attempt to recover its costs from the potential class members if the lawsuit is unsuccessful"). As such, any notice should indicate that the opt-in Plaintiffs may be liable for costs incurred if they do not prevail.

## CONCLUSION

Based on the foregoing, Defendants request the Court deny Plaintiff's Motion for Conditional Certification because Plaintiff has not adequately shown similarly situated employees who desire to opt-in, Plaintiff has not provided a proposed notice, and Plaintiff's proposed procedures are overbearing.

## REQUEST FOR HEARING

Pursuant to L.R. 7.1(b), Defendants hereby request a hearing on the Motion for Conditional Certification in order to provide an opportunity for the Parties to present fully their respective positions on the issues brought in the Motion for Conditional Certification and Defendants' Response thereto. Defendants anticipate that an hour and a half should be sufficient for all Parties to present their arguments and supportive documentation.

Respectfully submitted, this 29th day of August, 2023.

> ADI AMIT, P.A.
> *Counsel for Defendants*
> 101 Centre
> 101 NE Third Avenue, Suite 300
> Fort Lauderdale, Florida 33301
> Phone:      (954) 533-5922
> Fax:          (954) 302-4963
> E-mail:     adi@defenderofbusiness.com
>
> By: *s/Aron Smukler*
>      Aron Smukler, Esquire
>      Florida Bar No. 0297779
>      aron@defenderofbusiness.com