United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wiltone Florexil, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-60876-Civ-Scola |
| | ) |
| General Freight Experts, Inc., and others, Defendants. | ) |

**Order Denying Defendants' Motion to Dismiss**

This Matter is before the Court on the Defendants' renewed motion to dismiss (ECF No. 31) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed after the Plaintiff's First Amended Complaint ("FAC," ECF No. 27). The Court has considered the record, including the Defendant's motion and the Plaintiff's response, and the applicable case law, and is otherwise fully advised. For the reasons described below, the motion (**ECF No. 31**) is **denied**.

1. **Background**

According to the First Amended Complaint, the Plaintiff Wiltone Florexil was a contract truck driver for the Defendants—a freight broker called General Freight Experts and two affiliated companies—from January to March 2023. (FAC ¶¶ 5, 15, 31, 32, 34.) Along with a putative class of drivers, the Plaintiff brings two claims, for violations of the Truth-in-Leasing regulations and the Fair Labor Standards Act. In Count 1, the Plaintiff alleges that the Defendants violated federal law because the lease agreement that allowed the Plaintiff to use a truck owned by General Freight Experts to haul goods for them did not comply with the requirements of the Truth-in-Leasing regulations, including by failing to disclose certain information related to the Plaintiff's compensation and expenses during the term of the lease. *See generally* 49 C.F.R. Part 376; *see* FAC ¶¶ 33-117. The Defendants moved to dismiss Count 1 for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Mot. to Dismiss, ECF No. 31.)

2. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

The Defendants argue that the Plaintiff's First Amended Complaint should be dismissed for two reasons. First, the Defendants argue that the Plaintiff lacks standing to sue over the lease agreement because the agreement at issue lists Florexville Logistics LLC as the Lessee, not Wiltone Florexil (the individual Plaintiff). (Mot. to Dismiss at 3-4.) Second, the Defendants argue that the Truth-in-Leasing regulations only apply where an operator leases a vehicle *to* a carrier—not *from*—and therefore cannot apply where the Defendant carrier leased the vehicle to the Plaintiff operator. (*Id.* at 4-5.) The Court disagrees with both arguments based on the plausible allegations set forth in the First Amended Complaint.

### A. The Plaintiff has standing.

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims but can be raised at any point in litigation. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015); *see Florida Ass'n of Medical Equip. Dealers, Med-Health Care v. Apfel*, 194 F.3d 1227, 1230 (11th Cir 1999). Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and

"Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264-65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (stating same).

The Plaintiff does have standing to bring his Truth-in-Leasing claims because he alleges that he was individually harmed because of the Defendants' failures to comply with the regulations. Although the lease agreement lists Florexil Logistics LLC as the lessee in one location, Wiltone Florexil signed the lease agreement and addenda (FAC Ex. C, ECF No. 27-3 at 9, 11-12, 14) along with the Independent Contractor Agreement expressly contemplated in the lease agreement. (*Id.* at 10.) These agreements set the compensation and other rights that the Plaintiff alleges were insufficient in violation of the Truth-in-Leasing regulations. (*See* Pl.'s Resp. to Mot. to Dismiss at 4.) The Plaintiff has alleged sufficient facts in his First Amended Complaint to show his individualized and concrete injury because of the Defendant's alleged conduct.

### B. The Plaintiff has plausibly alleged ownership for purposes of the Truth-in-Leasing regulations.

The Truth-in-Leasing regulations, 49 C.F.R. Part 376, regulate the leasing of equipment, including trucks, used to perform transportation regulated by the Secretary of Transportation (the parties do not dispute that the transportation here is covered). 49 C.F.R. § 376.1(a). The purpose of the regulations is to "protect independent truckers from motor carriers' abusive leasing practices." *Fox v. Transam Leasing, Inc.*, 839 F.3d 1209, 1211 (10th Cir. 2016) (citing *Owner–Operator Indep. Drivers Ass'n, Inc. v. Comerica Bank (In re Arctic Express Inc.)*, 636 F.3d 781, 795 (6th Cir. 2011); *Global Van Lines, Inc. v. ICC*, 627 F.2d 546, 547-48 (D.C. Cir. 1980); Lease and Interchange of Vehicles, 42 Fed. Reg. 59,984 (Nov. 23, 1977)). Pursuant to the regulations, motor carriers like Defendant General Freight Experts must use a written lease that fulfills certain requirements when transporting goods in equipment that they do not own. 49 C.F.R. § 376.11(a), 376.12. An owner is a person "(1) to whom title to equipment has been issued, or (2) who, without title, has the right to

exclusive use of equipment, or (3) who has lawful possession of equipment registered and licensed in any State in the name of that person." 49 C.F.R. § 376.2(d).

The Plaintiff does not allege that the Defendants (referred to collectively here because the Plaintiff alleges that they are alter egos (FAC ¶ 15)) lack title to the equipment leased to the Plaintiff. Thus, the core dispute between the parties here is whether the written lease requirements apply at all. The Plaintiff's First Amended Complaint and Response to the Defendants' motion to dismiss argue that the requirements do apply because the Plaintiff actually owned the equipment under the second prong ("right to exclusive use") of the regulations' definition of "owner." (*See* Pl.'s Resp. to Mot. to Dismiss at 7; FAC ¶¶ 50-57.) Therefore, the Plaintiff argues, the lease governing the arrangement was required to comply with the Truth-in-Leasing regulations. This is not an issue commonly addressed by courts because it is distinct from the typical fact pattern where an "owner-operator" individual leases his vehicle along with his driving services to a carrier. *See, e.g.*, *Owner-Operator Indep. Drivers Ass'n*, 622 F.3d 1307 (11th Cir. 2010).

The Court agrees with the Plaintiff, at least for purposes of the motion to dismiss, that the allegations are sufficient to plead the Truth-in-Leasing claim. Nothing in the regulations preclude liability for the carrier based on both the carrier and the trucker satisfying the definition of "owner." *See* 49 C.F.R. § 376.2(d); *see also Porter v. T&T Farms, Inc.*, No. 3:21-cv-529-JD-MGG, c (N.D. Ind. May 27, 2022) (citing *Shimko v. Jeff Wagner Trucking, LLC*, No. 11-CV-831-WMC, 2014 WL 7366190, at *2 (W.D. Wis. Dec. 24, 2014)). Nor does the purpose of the statute and its accompanying regulations encourage such an outcome when the First Amended Complaint states that the Plaintiff here is an independent trucker with a "weak bargaining position" compared to larger freight carriers like the Defendants. *See Shimko*, 2014 WL 7366190, at *3; *Porter*, 2014 WL 7366190, at *3; FAC ¶¶ 40, 42, 43 (stating that the contracts are offered to drivers on a take-it-or-leave-it basis). Taking the allegations in the First Amended Complaint as true, the Plaintiff and the Defendants had a de facto leaseback through which the Plaintiff took exclusive possession of a truck and essentially leased it back to the Defendants by agreeing to use the truck solely to transport goods for the Defendant. (FAC ¶¶ 51-61.) Therefore, the Truth-in-Leasing regulations would apply to the arrangement and the Plaintiff's allegations successfully state a claim.

The Court therefore **denies** the Defendants' motion to dismiss. (**ECF No. 31**.)

**Done and ordered** in Miami, Florida, on September 7, 2023.

_____
Robert N. Scola, Jr.
United States District Judge