United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Wiltone Florexil, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-60876-Civ-Scola |
| | ) |
| General Freight Experts, Inc., and others, Defendants. | ) |

**<u>Order Granting Conditional Collective Action Certification</u>**

This action concerns the Defendants' alleged abusive employment practices that deprived truck drivers of wages in violation of the Fair Labor Standards Act ("FLSA") and the truth-in-leasing regulations. The Plaintiff filed a motion for conditional class certification with respect to the FLSA claim (Mot., ECF No. 39) and accompanying memorandum of law. (Mem., ECF No. 39-1.) The Defendants responded (Defs.' Resp., ECF No. 40 at 11) and requested a hearing on the motion, which the Court denies for failure to "set forth in detail the reasons why a hearing is desired." S.D. Fla. Loc. R. 7.1(b)(2). The Plaintiff has replied in further support of his motion for conditional certification. (ECF No. 46.)

The Court has reviewed the briefing, the record, and the relevant law, and is otherwise fully advised. For the reasons discussed below, the Court **grants** the Plaintiff's motion for conditional certification (**ECF No. 39**).

1. **Background**

According to the first amended complaint, the relevant facts are the following: the Plaintiff Wiltone Florexil worked as a long-haul truck driver for Defendant General Freight Experts, LLC from January to March 2023. (First Am. Compl., ECF No. 31 ¶ 5.) The Plaintiff and other drivers leased the trucks they drove from Defendant TRR Cargo, LLC—purportedly but not in reality a separate company from General Freight Experts, LLC. (*Id.* ¶¶ 15, 29-30.) The relationships between General Freight and contract drivers like the Plaintiff were governed by several agreements and company policies, including an Independent Contractor Agreement and an Equipment Lease Agreement. (*Id.* ¶¶ 38-42, 131, 155.) The Defendants enforced these agreements and policies abusively, deducting numerous expenses from paychecks without disclosing the basis for the deductions, resulting in the Plaintiff receiving compensation lower than the minimum wage in violation of the FLSA. (*Id.* ¶¶ 73-76, 86-93.)

The Plaintiff argues in his motion for conditional certification and accompanying memorandum of law that other similarly situated drivers were subject to the same violations and would opt into this lawsuit as authorized by the FLSA. The Court agrees that the Plaintiff has satisfied the standard for conditional certification for the reasons detailed below.

### 2. Legal Standard

The FLSA permits an action to be brought for unpaid minimum wages, or unpaid overtime compensation (and an additional equal amount as liquidated damages) "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This is known as a collective action under the FLSA. The Eleventh Circuit has endorsed a two-stage procedure to determine whether it is appropriate to maintain an FLSA case as a collective action. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216-19 (11th Cir. 2001). At the notice stage, also known as the conditional certification stage, a district court determines whether similarly situated employees should be notified. *Morgan*, 551 F.3d at 1260-61. "The second stage is triggered by an employer's motion for decertification." *Morgan*, 551 F.3d at 1261 (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)).

"[B]efore facilitating notice, a district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan*, 551 F.3d at 1269 (citing *Dybach v. State of Florida Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *see also Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270 (S.D. Fla. 2012) (King, J.) (internal quotations and citations omitted) (a court "may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are 'similarly situated' with respect to their job requirements and with regard to their pay provisions"). The requirement that members of the collective action be similarly situated is a flexible one and is different from that required under Federal Rules of Civil Procedure 20 (joinder), 23 (class actions), and 42 (severance). *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Morgan*, 551 F.3d at 1260-61. The plaintiff "has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260 (citations omitted).

The Eleventh Circuit has described the standard at the notice stage as "fairly lenient" and "not particularly stringent." *See Morgan*, 551 F.3d at 1260-

61 (internal quotations and citations omitted). Thus, the plaintiff's burden may be "'satisfied by substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.'" *Blake v. Batmasian,* 197 F. Supp. 3d 1367, 1371 (S.D. Fla. 2016) (Marra, J.) (quoting *Grayson,* 79 F.3d at 1097). The position that the plaintiff holds must be similar, but need not be identical, to the positions held by the putative class members. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001) (citations omitted); *Blake,* 197 F. Supp. 3d at 1374.

### 3. Analysis

The Plaintiff asks the Court to conditionally certify the following class: "All individuals whom Defendant General Freight Experts, Inc. engaged as independent contractor drivers during the past three years who did not timely receive an hourly rate equal to or exceeding the federal minimum wage for all hours worked." (Mot., ECF No. 39 at 1.) The Court now considers whether the proposed class comprises people who (A) desire to opt-in and (B) are similarly situated to the Plaintiff.

### A. Desire to Opt-In

The Plaintiff must demonstrate that there is a "reasonable basis" to believe that there are other employees who desire to opt into the collective. *Reyes v. AT&T Corp.,* 801 F. Supp. 2d 1350, 1356 (S.D. Fla. 2011) (Cooke, J.). The Plaintiff "may present evidence of other employees who desire to opt-in via affidavits, consents to join the lawsuit, or expert evidence of the existence of similarly-situated employees." *Palacios v. Boehringer Ingelheim Pharm.*, No. 10-2238, 2011 WL 6794438, at *4 (S.D. Fla. April 19, 2011) (Ungaro, J.).

The Plaintiff has provided his own affidavit and two notices of consent to join the lawsuit (one accompanied by an affidavit) by other General Freight truck drivers to demonstrate that other employees would opt into the proposed collective. (*See* ECF Nos. 38-1, 39-2, 39-3, 45-1.) The affidavits express the affiants' belief that other drivers would join this lawsuit, further supported by the consent to join of the third potential class member. (*Id.*) This court has previously accepted that a small number of affidavits is sufficient to establish that other employees desire to opt-in. *See Eggnatz v. Coventbridge (USA) Inc.*, No. 18-61250, 2019 WL 1171455, at *2 (S.D. Fla. March 13, 2019) (Scola, J.) (finding that three affidavits "easily" satisfied the standard). "It is therefore clear for the purposes of a conditional certification analysis that a reasonable basis exists to believe there are other employees who desire to opt-in." *Reyes,* 801 F. Supp. 2d at 1356. *See Tyler v. Payless Shoe Source, Inc.,* No. 22:05-CV-

33F, 2005 WL 3313763, at *3 (N.D. Ala. Nov. 23, 2005) (finding that three consents to join filed by putative opt-in plaintiffs is sufficient to satisfy this prong). The Court is satisfied that the Plaintiff's affidavit combined with the two consents to join and the additional affidavit provide a reasonable basis to believe other employees desire to opt into the Plaintiff's proposed collective.

### B. Similarly Situated Employees

The Plaintiff must also demonstrate that the other employees are "similarly situated" with respect to their job requirements and pay provisions. *Palacios*, 2011 WL 6794438, at *5. The factors the Court may consider in determining whether the putative opt-in plaintiffs are similarly situated include: 1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographical locations; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and 5) the extent to which the actions which constitute violations claimed by plaintiffs are similar. *Laos v. Grand Prize Motors, Inc.*, No. 11-22973, 2012 WL 718713, at *2 (S.D. Fla. March 6, 2012) (Scola, J.).

The Plaintiffs argue that the members of the proposed collective were similarly situated because they "were uniformly subject to a common set of policies and practices," including with respect to compensation and deductions from their pay, performed the same type of work (long-haul trucking), and were uniformly classified as "independent contractor" drivers. (Mem., ECF No. 39-1 at 8.) The Defendants disagree, arguing that the Plaintiff has not presented sufficient evidence to satisfy his burden of showing that the members of the proposed collective action are similarly situated. (Defs.' Resp. at 4-7.) Further, the Defendants contend, the Plaintiff impermissibly seeks a nationwide class of contractors with differing job titles who worked for General Freight at different times and under different conditions. (*Id.* at 5-6.)

The Plaintiff has satisfied the "lenient" standard for conditional certification. Based on the affidavits of the Plaintiff and another member of the proposed collective, Thiago Lenarduzzi de Oliveira, they and others were truck drivers hired as independent contractors by General Freight and performed exactly the same type of work (truck driving). (*See generally* Pl. Aff., ECF No. 39-2; Oliveira Aff., ECF No. 39-3.) There is no need for their titles to have been identical to satisfy the standard that their duties were the same or similar. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). Furthermore, the independent contractor truck drivers each signed agreements including the Independent Contract Agreement, which imposed a compensation

scheme as a percentage of revenue received for each truck load delivered. (Oliveira Aff., ECF No. 39-3 ¶¶ 7-12; Pl. Aff., ECF No. 39-2 ¶¶ 11-15.) Although the precise percentage of compensation was not identical between the Plaintiff and Oliveira, it was closely comparable (78% and 82%, respectively). (Pl. Aff. ¶ 15; Oliveira Aff. ¶ 12.) The class members also each experienced the deductions that allegedly violated the FLSA by causing their compensation to drop below minimum wage. (*See* First Am. Compl., ECF No. 31 ¶¶ 86-93; Oliveira Aff., ECF No. 39-3 ¶¶ 17-21.) Furthermore, the Defendants have not produced any evidence of their own (despite being in the best position to have such information) to rebut the Plaintiff's claims regarding the similarities between the proposed class members.

The Court is similarly unconvinced by the Defendants' arguments that the lack of geographic limitations or overlap in dates of employment are fatal to conditional certification. (*See* Defs.' Resp., ECF No. 40 at 5-6.) The class is comprised of truck drivers who by their very nature move around, and there is no evidence that General Freight applied different policies and procedures to drivers covering different geographic areas. *See Gutescu v. Carey Intern., Inc.*, No. 01-4026-civ, 2003 WL 25586749, at *14 (S.D. Fla. July 21, 2003) (Martinez, J.) (declining to extend a class to employees in other cities due to differing job duties, policies, and employment agreements across offices). Additionally, it is well established that the members of the proposed class need not have been employed by the Defendant at the same time, as long as their employment was within the FLSA's statutory period. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008) (endorsing a collective of current and former employees). Therefore, the Plaintiff's proposed class satisfies the Eleventh Circuit's "fairly lenient" test for conditional certification of an FLSA collective action. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 988 (11th Cir. 2007).

### 4. Conclusion

Based on the foregoing, the Court **grants** the Plaintiff's motion for conditional certification. (**ECF No. 39**.)

In addition, the Defendants are hereby directed to produce to Plaintiff, within 30 days of the date of this Order, the names, current or last known addresses, telephone numbers, and email addresses of all individuals who satisfy the definitions of the collective listed above. The parties are directed to confer as to the form and content of the notice that will be disseminated to the collective action members and to submit a proposed form of notice to the Court for review and approval within 42 days of this order (by November 13, 2023).

The Court emphasizes the parties' Rule 7.1(a)(3) obligation to make a good faith effort to resolve any dispute before filing a motion for the Court's consideration.

**Done and ordered**, in Miami, Florida, on October 2, 2023.

_____
Robert N. Scola, Jr.
United States District Judge