UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| WILTONE FLOREXIL, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 23-60876-RNS |
| v. | ) ) ) | |
| GENERAL FREIGHT EXPERTS, INC., GENERAL FREIGHT EXPERTS, LLC, and TRR CARGO LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE**

Plaintiff Wiltone Florexil sued Defendants General Freight Experts, Inc., General Freight Experts, LLC, and TRR Cargo, LLC alleging one count as a putative collective action under the Fair Labor Standards Act, 29 U.S.C. Section 210 *et. seq.*, and one count on behalf of a putative class for violation of the Truth-in-Leasing ("TIL") Regulations. Opt-in Plaintiffs Fabio Albuquerque and Thiago Lenarduzzi De Oliveira filed consents to join the FLSA portion of the suit. Plaintiff Florexil and Opt-in Plaintiffs Albuquerque and De Oliveira have reached a settlement with Defendants of their individual FLSA and TIL claims, and Plaintiffs respectfully request that the Court approve the parties' Settlement Agreement, with respect to their FLSA claims, and dismiss this action with prejudice consistent with the Agreement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). As detailed below, the Agreement fully compensates

each plaintiff for their FLSA claims, rendering court review unnecessary—for example, Mr. Florexil's Statement of Claim (Dkt. No. 61) listed potential minimum wages owed under the FLSA of $1,392.00, and the Settlement Agreement notes that $1,500 is intended to compensate him for these alleged unpaid minimum wages with another $1,500 intended for liquidated damages. Similarly, Plaintiffs' counsel calculates that the potential minimum wages owed to opt-in plaintiffs Albuquerque and De Oliveira are approximately $1,900 each, and the Settlement Agreement likewise states that $1,500 is intended to compensate each of them for alleged unpaid minimum wages, with another $1,500 intended for liquidated damages. In addition, the Settlement Agreement calls for each to receive thousands more beyond these specified amounts, including for their TIL claims.[1] Each will therefore receive well more than their potential FLSA recovery. To the extent the Court's review is required, the Agreement represents a fair, adequate, and reasonable resolution of the Parties' dispute. It satisfies all of the Eleventh Circuit's requirements for approval, particularly in light of "the 'strong presumption' in favor of finding a settlement fair." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (quoted in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005)).

## Background

Plaintiff Wiltone Florexil filed this action on May 10, 2023, Plaintiff alleged that Defendants misclassified him as an independent contractor, failed to pay him the required minimum wage, and improperly deducted amounts from what he was paid.

---

[1] The Settlement Agreement, which is being filed concurrently under seal, *see* Dkt. No. 85, details the exact amounts.

Defendants moved to dismiss the TIL claim, and Mr. Florexil filed a First Amended Complaint, Dkt. No. 27. Defendants again filed a Motion to Dismiss, and the Court denied their motion on September 8, 2023. Dkt. No. 44. The Court granted Plaintiff's Motion for Conditional Certification under the FLSA, 29 U.S.C. § 216(b), on October 6, 2023. Dkt. No. 50. The parties briefed several issues regarding the form of notice to potential opt-ins (which motion is still pending, Dkt. No. 65)[2] and engaged in discovery. Several discovery disputes arose, and the parties participated in a hearing before Magistrate Judge Goodman regarding one such dispute. Dkt. No. 57. Two of Defendants' former drivers, Opt-in Plaintiffs Albuquerque and De Oliveira, opted into the litigation. The parties have engaged in good faith, arms-length negotiations since December 2023 to resolve this matter. On January 18, the parties notified the Court that they had reached a settlement, Dkt. No. 80, and subsequently executed the Settlement Agreement, filed under seal as Exhibit A.

**Terms of the Proposed Settlement.**

Under the Settlement Agreement, the Parties agreed that for each Plaintiff and opt-in Plaintiff, $1,500 was intended as compensation for their FLSA damages and $1,500 for their liquidated damages. These amounts are based upon Plaintiffs' counsel's independent review of the potential damages available to each including, among other things, the number of hours that each individual worked for Defendants during the applicable statute of limitations period. Counsel also considered factors affecting

---

[2] The Court need not resolve that Motion in light of the settlement.

potential recovery, such as the complexity, expense and likely duration of this litigation; the uncertainty that Plaintiff and the Opt-in Plaintiffs would have in prevailing on the merits; potential collectability issues; and the range of any potential recovery.

The Settlement Agreement also includes additional amounts to compensate the named and opt-in plaintiffs for their TIL claims, as specified in Exhibit A and specifies that Defendants must pay a separate amount to Plaintiffs' counsel for reasonable attorney's fees and costs for litigating both the FLSA and TIL claims.  Because each Plaintiff's recovery well exceeds his respective FLSA damages and liquidated damages, this amount cannot reduce any of the Plaintiffs' FLSA recovery.

### Legal Standard

Because each Plaintiff has recovered the full amount of their FLSA damages, the Court need not review the terms of the Settlement Agreement.  As a Court in this District noted in *Karow v. Day & Zimmermann NPS, Inc.*, it is "well settled that in FLSA cases, *unless* the employer 'offers the plaintiff full compensation of his FLSA claim [and] no compromise is involved,' the employer and employee must present the proposed settlement to the Court for approval." No. 14-24693-CIV, 2015 WL 3964027, at *1 (S.D. Fla. June 29, 2015) (emphasis added).

To the extent the Court does review the Agreement, it should look to six factors courts have listed in determining whether an FLSA settlement is "fair and reasonable" under *Lynn's Food*:

> Courts will approve a proposed settlement if it is fair and reasonable, and will look at a number of factors to determine reasonableness, including (1) existence of fraud; (2) complexity of the case; (3) the point of the

4

>proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion."

*McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Leverso v. S. Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

In considering legal fees, courts review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009).  Where a "[p]laintiff has received all of the FLSA compensation arguably due," courts have concluded that "the amount of attorneys' fees and costs paid under settlement agreement cannot have tainted the amount Plaintiff agreed to accept to settle the case [and] [a]ccordingly, the Court need not scrutinize the settlement agreement further to consider whether the attorneys' fees and costs to be paid are reasonable." *Abercrombie v. Pagano's Bros, Inc.*, No. 618CV772ORL40KRS, 2018 WL 3421380, at *2 (M.D. Fla. June 28, 2018), *report and recomm. adopted*, 2018 WL 3417112 (M.D. Fla. July 13, 2018) (citing *Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013)).

### I. The Court Should Approve the Parties' Settlement

**A. The Settlement Agreement is a Fair and Reasonable Resolution of Plaintiffs' FLSA Claims.**

As noted above, because Plaintiffs will each recover their FLSA damages in full, the Court need not scrutinize the Settlement Agreement. To the extent review is required, however, the settlement satisfies all of the *Leverso* factors.

*1. There is no hint of Fraud or Collusion Behind the Settlement.*—The parties negotiated the Settlement Agreement at arm's length, and Plaintiffs' counsel have litigated this matter vigorously. As noted above, counsel has successfully litigated a number of legal issues, engaged in fulsome discovery, and brought disputes before the Court when necessary. These are precisely the circumstances that lead courts to conclude the first factor satisfied. *See Berman v. Gen. Motors LLC*, No. 2:18-CV-14371, 2019 WL 6163798, at *4 (S.D. Fla. Nov. 18, 2019) (citing fact that agreement was reached after motion to dismiss was resolved and after discovery); *see also id.* ("In determining whether there was fraud or collusion, the Court examines whether the settlement was achieved in good faith through arm's-length negotiations, whether it was the product of collusion between the parties and/or their attorneys, and whether there was any evidence of unethical behavior or want of skill or lack of zeal on the part of class counsel.") (quoting *Canupp v. Sheldon*, No. 04-cv-260, 2009 WL 4042928, at *9 (M.D. Fla. Nov. 23, 2009)).

*2. The Complexity, Risk, and Expense of the Case Weigh In Favor of Approval.*— As the course of litigation has already shown, Defendants are ready and willing to

challenge Plaintiffs' right to recover on every front.  Moreover, discovery has been complex, spawning multiple disputes.  Finally, Defendants' financial condition, *see* Doc. No. 70 (asserting "General Freight Experts Inc.'s business has deteriorated" in requesting extension of discovery deadline), creates uncertainty that Plaintiffs would ultimately be able to recover absent agreement.  In light of this background, and the fact that Plaintiffs cannot recover more for their FLSA claims than they already have, the complexity, risk, expense, and uncertainty of further recovery for those claims points strongly to approval.

***3. The Stage of the Case Where Settlement Occurred Supports a Conclusion that the Settlement Agreement is Fair and Reasonable.*** — That the Parties reached settlement after extensive discovery and after litigating several issues is another factor weighing in favor of approving the FLSA settlement.  The discovery has included deposition testimony filling in the picture of Defendants' financial health, another factor in favor of early settlement. As a Court in the Southern District of Florida has recognized, early settlement is favored so long as the case has proceeded enough to provide a party sufficient information with which to negotiate.  *See Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324-25 (S.D. Fla. 2005); *id.* at 1325 ("Because the 'parties have expended . . . [a sufficient] effort in analyzing the issues, this Court should find that the parties are at a proper juncture with sufficient information to settle this action.'") (quoting *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 470 (S.D. Fla. 2002)).

***4. The Uncertainty Over Plaintiffs' Likely Success on the Merits Likewise Supports Approval.*** — While Plaintiffs believe they have a strong likelihood of success

on the merits, and the Court has denied a motion to dismiss and granted Plaintiffs' motion for conditional certification, uncertainty remains over whether they will ultimately prevail.  As noted above, there are legal and factual issues to resolve (along with associated discovery disputes that remain outstanding).  As importantly, there is substantial uncertainty over whether Plaintiffs will be able to collect on a judgment even if ultimately successful.  *See supra* at 7 (noting Defendants' representations to the Court regarding their financial state). In this context, the form of relief contained in the settlement—securing Plaintiffs' ability to recover for their FLSA claims—weighs heavily in favor of approval. *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1249 (S.D. Fla. 2016) ("A plaintiff's 'likelihood of success at trial is weighed against the amount and form of relief contained in the settlement.'") (quoting *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D 683, 692 (S.D. Fla. 2014)).

*5. Continuing With the Litigation Would Not Meaningfully Affect Plaintiffs' Range of Recovery for their FLSA Claims.*—In light of the fact that Plaintiffs are not actually compromising their FLSA damages, proceeding with litigating their FLSA claims only presents downside risk (i.e., the risk they will ultimately be unsuccessful or the risk that they will be unable to collect even if successful).  The Settlement Agreement represents the opportunity for Plaintiffs to recover in a prompt manner. The fifth *Leverso* factor, which looks at the range of possible recovery, emphatically counsels approval.

*6. The Opinion of Plaintiffs' Extremely Experienced Counsel Weighs Heavily in Favor of Approval.*—Finally, Courts applying the *Leverso* framework give "substantial

consideration" to the opinion of experienced counsel. *See, e.g., Holmes v. Cont'l Can. Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983); *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1215 (5th Cir. 1978). Plaintiffs' counsel here, who have years of experience litigating FLSA cases—including serving as counsel in the Supreme Court's *New Prime, Inc. v. Oliveira* case, 139 S. Ct. 532 (2019), and many more FLSA and other labor and employment cases, *see* Ex. B, Affidavit of Osvaldo Vazquez, Esq. ¶¶ 8-11—hold the opinion that the Settlement Agreement is a fair and reasonable resolution of Plaintiffs' FLSA claims and that further litigation of this claim would not advance Plaintiffs' goals.

**B. The Attorney's Fees Are Reasonable and do not Reduce Plaintiffs' FLSA Recovery.**

That Plaintiffs' FLSA recovery is not reduced in the Settlement Agreement, and not affected by the amount of fees, renders it unnecessary for the Court to review the attorney's fees and costs. To the extent the Court does review the amount of attorney's fees and costs, outlined in the Settlement Agreement, it should not hesitate to find them reasonable. As noted above, Plaintiffs' counsel has vigorously litigated this case through the motion to dismiss stage, conditional certification, and disputed discovery. Counsel's hours expended total approximately 300 hours. Lead Counsel Hillary Schwab has decades of experience in labor and employment law, has represented employees in well more than thirty class action cases in the last ten years alone, has been lead counsel in numerous large class actions representing truck drivers including *Oliveira*, and is a graduate of Columbia Law School. *See* Vazquez Aff. ¶¶ 8-9. Rachel Smit has over a decade of experience exclusively devoted to labor and employment law

9

and has litigated numerous class actions including trucking cases, served as a Skadden Fellow, and is a graduate of Boston University Law School. *Id.* ¶ 10. Finally, counsel Osvaldo Vazquez has been a Florida Bar member since 2009, has extensive experience litigating labor & ERISA cases, and is a Harvard Law graduate. *Id.* ¶ 11. Even at a rate of $200 per hour, the attorneys' fees alone would total approximately $60,000, well more than the amount in the Settlement Agreement. The hours they have expended is reasonable in light of the variety and complexity of issues they have litigated in the case, and their effective average hourly rate for counsel is more than reasonable in light of their experience.

## Conclusion

Wherefore, Plaintiffs respectfully request that this motion be GRANTED and that the Court approve the Settlement Agreement and dismiss this case with prejudice.

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and counsel for Defendants has stated they do not oppose this request.

                                                         */s/ Osvaldo Vazquez*
                                                         Osvaldo Vazquez, Esq.

    Respectfully submitted,

    PLAINTIFF

    *WILTONE FLOREXIL, individually and on behalf all others similarly situated,*

    By their attorneys,

    <u>/s/ Osvaldo Vazquez</u>
    Osvaldo Vazquez, Esq.
    Florida Bar No. 70995
    Hillary Schwab, Esq.
    Admitted Pro Hac Vice
    Rachel Smit, Esq.
    Admitted Pro Hac Vice

    FAIR WORK, P.C.
    192 South Street, Suite 450
    Boston, MA 02111
    Tel:  (617) 607-3260
    Fax:  (617) 488-2261
    oz@fairworklaw.com
    hillary@fairworklaw.com
    rachel@fairworklaw.com

    Dated:  February 26, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of this document to be served by means of the Court's electronic filing system on all counsel of record on February 26, 2024.

                                                       */s/ Osvaldo Vazquez*
                                                       Osvaldo Vazquez, Esq.